No. 61

PLOTTS v. PLOTTS

No. 19452. Supreme Court

On motion to certify. Dock. Dec. 2, 1925; 3 Abs. 754.

**413. DIVORCE & ALIMONY—May a court, pursuant to an action for alimony alone, under 11998 GC. after separation, order a division of the property belonging to the defendant and not allow a weekly or other allowance for the wife's maintenance and support?**

Lillie Plotts brought an action against Andrew Plotts in the Hancock Common Pleas for alimony alone, under 11998 GC. The court found that she was entitled to alimony and thereupon awarded her half of the amount realized from a sale of the husband's personal property, but did not allow any weekly or other allowance for her maintenance and support.

The contention of Lillie Plotts is that the court erred in failing to allow a weekly or other allowance for her maintenance and support according to the holding of the Supreme Court in the case of Durham v. Durham, 104 OS. 7, which provides that, "upon petition of the wife for alimony alone, the trial court is not authorized to make an equitable division of the husband's property, but is confined to Section 11998 GC. to making an award as alimony for her maintenance and support during separation."

Attorneys—Benjamin F. James, Bowling Green for Lillie Plotts; Blackford & Blackford, Findlay, for Andrew Plots.

---

No. 62

SIEBENSCHUH v. STATE

No. 19447. Supreme Court

On motion to certify. Dock. Dec. 9, 1925; 3 Abs. 754.

**333. CRIMINAL LAW—Where in a joint indictment for first degree murder, one party is convicted; in face of his having confessed and negativing any conspiracy on part of the other party, can latter be found guilty of offense charged in the indictment?**

Elmer Farra and George Siebenschuh were indicted jointly in the Washington Common Pleas, of first degree murder for the killing of Sheriff Moore of Caldwell, Ohio. Farra confessed to the killing, was tried and convicted on the evidence of his confession and the evidence of Siebenschuh, who always denied any part in the killing. Farra was sentenced to life imprisonment on recommendation of mercy.

Siebenschuh was then indicted for harboring a felon on the theory that he had aided and abetted Farra in escaping after the murder and was tried and convicted; but the Court of Appeals set aside the conviction.

Siebenschuh was then placed on trial for the killing of Moore under the joint indictment under which Farra had been convicted, and a like verdict of guilty with recommendation of mercy returned by the jury against him.

The Siebenschuh case was tried in Washington County shortly after an officer of the city of Marietta had been shot. In the argument of the case to the jury the assistant to the prosecuting attorney, pictured to the jury the circumstances surrounding the killing of the police officer of Marietta.

The plaintiff in error, Siebenschuh, claims that there is no evidence to sustain a verdict of guilty, relying principally on the evidence of the confession of Farra and his negativing any conspiracy existing; that the conviction is contrary to law and that the argument of the assistant prosecuting attorney was highly prejudicial to the rights of the plaintiff in error and influenced and affected the verdict of the jury.

Attorneys—J. J. Joyce, Cambridge, and R. M. Noll, Marietta, for Siebenschuh; W. H. Buckey, Caldwell, for State.

---

## THIS WEEK'S DIGEST
## Cases Published in the Abstract

**85. APPEAL.**

Does an appeal from an award of the Industrial Commission to the Common Pleas Court lie, if the Commission finds all jurisdictional facts favorable to the claimant and does not deny him the right to continue to participate upon a jurisdictional ground? Indust. Comm. v. Hughes, OS. Pend. 4 Abs. 44.

**191. BURDEN OF PROOF.**

Where answer denies making of contract set up in petition and sets up a contract substantially different which is denied by plaintiff, burden of proof not thereby shifted from plaintiff to defendant. Wigmore Co. v Chapman, OS. 4 Abs. 42.

**225. CHARGE TO JURY.**

In an action for personal injuries against two defendants for negligence, must the court separate and definitely state to the jury in the charge, the issues of fact involved? Variety Iron & Steel Co. v. Novak et, OA. Pend. 4 Abs. 43.

(Continued on last page)